**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANJIT SINGH JOHAL, | No. 07-72357 |
| Petitioner, | Agency No. A072-402-936 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Ranjit Singh Johal, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying Johal's motion to reopen

and reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen and reconsider, *Cano-Merida*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and we deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying Johal's motion to reopen and reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision, *see* 8 C.F.R. § 1003.2(b)(1), and Johal did not demonstrate that the polygraph evidence submitted was unavailable or incapable of being discovered at the time of his removal hearing, *see Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir.2007); 8 C.F.R. § 1003.2(c)(1).

Additionally, the BIA considered Johal's new evidence regarding his asylum claim and acted within its broad discretion in determining the evidence was insufficient to establish a prima facie showing of changed country conditions in India. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

To the extent Johal challenges the BIA's April 2, 2003 order, we lack jurisdiction because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

07-72357